# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LATOYA MARTIN,

      Plaintiff,

v.                                                          Case No:   6:25-cv-1023-LHP

MECHANICAL ONE, LLC and
REDPHONE MANAGEMENT, LLC,

      Defendants

## ORDER

Before the Court is a Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice.  Doc. No. 29.  On review, the motion is due to be granted, with one limited exception.

This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, with Plaintiff alleging a claim of unpaid overtime wages under the FLSA, as a well as claims for unpaid wages and retaliatory discharge under Florida law.  Doc. No. 1.  The parties have settled the case, and now move for Court approval of their FLSA settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 29.  Plaintiff will be paid in full for her FLSA claim,

counsel will receive fees, and the parties have resolved by separate agreement Plaintiff's state law clams.  *Id.*; *see also* Doc. Nos. 28, 29-1.

"When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA."  *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at *3 (M.D. Fla. April 3, 2015) (citations omitted); *see also Biscaino v. Ars Acquisition Holdings, LLC*, No. 6:11-cv-894-Orl-28DAB, 2011 WL 4424394, at *2 (M.D. Fla. Sept. 13, 2011), *report and recommendation adopted*, 2011 WL 4422379 (M.D. Fla. Sept. 22, 2011) ("Full recompense is *per se* fair and reasonable.").  "If judicial scrutiny confirms that the parties' settlement involves no compromise, the district court should approve the settlement and dismiss the case . . . ."  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010).

Accordingly, because Plaintiff will receive full compensation on her FLSA claim, *see* Doc. Nos. 28, 29, the parties' agreement related thereto, *see* Doc. No. 29-1, is due to be approved.[1]  However, the parties also ask that the Court retain

---

[1] In any event, the FLSA settlement agreement does not contain terms that courts have found problematic in the FLSA context.  *See* Doc. No. 29-1.  And the parties represent that fees to be paid to Plaintiff's counsel were negotiated separate from the settlement.  Doc. No. 29, at 5.  Although the parties represent that they have entered into a separate settlement, supported by separate consideration, to resolve Plaintiff's state law claims, there is no indication that the separate agreement has tainted the FLSA settlement, and the parties affirmatively represent the opposite.  *See id.* at 2.  Thus, the separate agreement does not impose an impediment to approval of the FLSA agreement, and the Court expresses no view on the terms of that settlement or its enforceability.  *See, e.g.*,

jurisdiction to enforce the terms of their FLSA settlement. Doc. No. 29, at 5. This request is unsupported by any argument or legal authority, and absent same, the Court declines to retain jurisdiction to enforce the FLSA settlement. *See, e.g., Eiland v. U.S. Walls, LLC*, No. 6:13-cv-1237-Orl-40GJK, 2015 WL 478372, at *5 (M.D. Fla. Feb. 4, 2015) (collecting authority for proposition that "[c]ourts in this District . . . routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement").

For these reasons, the Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. No. 29) is **GRANTED in part**, and the parties' FLSA settlement agreement (Doc. Nos. 29-1) is **APPROVED**. This case is **DISMISSED with prejudice**, all deadlines and hearings are terminated, and the Clerk of Court is directed to close the file. The motion (Doc. No. 29) is **DENIED in all other respects**, such that the Court declines to retain jurisdiction to enforce the parties' FLSA agreement.

---

*Jemley v. Umbwa, Inc.*, No. 6:15-cv-801-Orl-41TBS, 2017 WL 3822896, at *2 (M.D. Fla. Aug. 2, 2017), *report and recommendation adopted*, 2017 WL 3732077 (M.D. Fla. Aug. 30, 2017) (approving FLSA wage claim settlement where there was a separate agreement as to a retaliation claim, where there was no compromise of the FLSA wage claims, and the parties represented that the other settlement agreement was separate and apart from the FLSA wage claim settlement); *Claflin v. Shelter Mortg. Co., LLC*, No. 6:13-cv-1028-Orl-37DAB, 2013 WL 12159039, at *2 (M.D. Fla. Dec. 2, 2013), *report and recommendation adopted*, 2013 WL 12159504 (M.D. Fla. Dec. 26, 2013) ("Because substantial consideration above that arguably due under the FLSA is being paid, this Court does not find the existence of a separate agreement settling any non–FLSA claims to be an impediment to the FLSA settlement.").

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record